UNITED STATES

v.

Richard W. MITCHELL, Seaman (E–3), U.S. Navy.

NMCCA 200400466.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 5 Dec. 2003.

Decided 22 Feb. 2006.

Lt Anthony S. Yim, JAGC, USNR, Appellate Defense Counsel.

Maj J.Ed Christiansen, USMC, Appellate Defense Counsel.

Capt Mark W. Pedersen, JAGC, USNR, Appellate Defense Counsel.

Lt Steven M. Crass, JAGC, USNR, Appellate Government Counsel.

Before DORMAN, Chief Judge, CARVER, Senior Judge, and GEISER, Appellate Military Judge.

DORMAN, Chief Judge:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of two specifications of unauthorized absence, three specifications of failure to obey a lawful order, two specifications of larceny, and obtaining services under false pretenses. The appellant's misconduct violated Articles 86, 92, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 921, and 934. The adjudged and approved sentence consists of confinement for 9 months, forfeiture of $767.00 pay per month for 9 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority suspended confinement in excess of 180 days for a period of 12 months.

This case was initially submitted to the court for decision without assignment of error. Upon our initial review of the record, the court specified the following issues:

I. WHETHER ANY OR ALL OF THE SPECIFICATIONS UNDER CHARGE II AMOUNT TO AN UNREASONABLE MULTIPLICATION OF CHARGES?

II. WHETHER PARAGRAPH 15c OF THE PRETRIAL AGREEMENT WAIVING A MOTION FOR UNREASONABLE MULTIPLICATION OF CHARGES IS UNENFORCEABLE AS A MATTER OF PUBLIC POLICY?

III. WHETHER THE PLEA TO SPECIFICATION 2 OF CHARGE II IS PROVIDENT AS THE SPECIFICATION IS CHARGED?

N.M.Ct.Crim.App. Order of 16 Dec 2004.

We have examined the record of trial, the appellant's brief, and the Government's answer. Following that review, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Pretrial Agreement

■ The appellant pleaded guilty pursuant to the terms of a negotiated pretrial agreement. The agreement contained several "Specially–Negotiated Provisions." Among the provisions that were identified as specially negotiated, but which we note are now routinely included in pretrial agreements, were provisions that obligated the appellant to enter into a stipulation of fact, and to request trial before a military judge sitting alone. Paragraph 15c, however, contained provisions in which the appellant agreed to waive the opportunity to raise certain motions. The paragraph reads as follows:

I agree not to raise a motion pursuant to Military Rule of Evidence 304 to suppress my statements concerning the below charges and specifications or a motion pursuant to Military Rule of Evidence 311 to suppress evidence seized in this case. *I further agree to forego a motion alleging unreasonable multiplication of charges.* I also agree not to raise any other lawfully waivable motion. Consistent with Rule for Courts–Martial 705(c)(1)(B), I have not waived my right to counsel; my right to due process; the right to challenge the jurisdiction of the Court–Martial; the right

to a speedy trial; the right to raise the issue of unlawful command influence; the right to complete sentencing proceedings; the complete and effective exercise of post-trial and appellate rights; or the right to raise any other motion that cannot [sic] be lawfully waived.

Appellate Exhibit I at 4 (emphasis added).

We specified the issue of whether the language emphasized above is a valid waiver for several reasons. First, the similarities in Specifications 2 and 3 of Charge II, and the record itself, suggest that those two specifications may have been successfully challenged as an unreasonable multiplication of charges. Second, the appellant did not raise the issue at trial, and when the military judge reviewed this provision with the appellant, he did not ask the appellant whether he would have raised the issue of an unreasonable multiplication of charges, but for this provision. Finally, this is a novel term in a pretrial agreement. It is one of first impression and has not been previously reviewed to ensure it is not violative of public policy.

The appellant argues that the emphasized term of his pretrial agreement violated RULE FOR COURTS–MARTIAL 705(c)(1)(B), MANUAL FOR COURTS–MARTIAL, UNITED STATES (2002 ed.), and is void as against public policy. In arguing that the provision should be held unenforceable, the appellant argues that the provision deprived him of the right to due process. Appellant's Brief of 14 Jun 2005 at 7. He cites no binding case authority, nor does he explain how this provision has deprived him of due process. He does state that the specifications "significantly increased his exposure to lengthy confinement. . . ." *Id.*

The Government counters that the provision is enforceable, noting that in *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) our superior court "indicated that a claim for unreasonable multiplication of charges could be waived." Government Answer of 20 May 2005 at 3. Whether an issue concerning the unreasonable multiplication of charges can be waived is not the question. The question is whether an accused can offer

to affirmatively waive that issue as part of the terms of a pretrial agreement.

The challenged provision of the appellant's pretrial agreement is not specifically prohibited by either case law or the express terms of R.C.M. 705(c)(1)(B). That rule specifically prohibits certain terms and conditions in a pretrial agreement, including terms that would deprive an accused of "the right to due process...." *Id.* Since the challenged provision does not violate appellate case law or the specific language of R.C.M. 705(c)(1)(B), *see United States v. Sunzeri,* 59 M.J. 758, 761 n. 1 (N.M.Ct.Crim.App.2004), we must determine whether the provision violates public policy. To make that determination, we review the provision de novo. *Id.* at 760 (citing *United States v. Libecap,* 57 M.J. 611, 615 (C.G.Ct.Crim.App.2002)). In conducting that review, appellate courts frequently look to see who proposed the provision. *See United States v. Weasler,* 43 M.J. 15, 16 (C.A.A.F.1995); *United States v. Cassity,* 36 M.J. 759, 761–62 (N.M.C.M.R.1992). Unfortunately, the record in the case before us gives no hint as to whether the Government or the appellant proposed the pretrial agreement provision requiring the appellant to forego a motion concerning an unreasonable multiplication of charges.

Military judges are encouraged to determine the proponent of novel provisions in the pretrial agreements they review. Just as it is an important consideration for appellate courts, it is an equally important consideration for trial judges. In reviewing a pretrial agreement, a military judge is required to strike any provision he finds to violate "appellate case law, public policy, or the trial judge's own notions of fundamental fairness...." *United States v. Green,* 1 M.J. 453, 456 (C.M.A.1976).

The appellant asserts that the challenged provision has deprived him of his right to due process. We do not agree. In our second *Quiroz* decision, we distinguished the legal concepts of multiplicity and unreasonable multiplication of charges. *United States v. Quiroz,* 53 M.J. 600, 604–05 (N.M.Ct.Crim. App.2000)(en banc), *reversed on other grounds,* 55 M.J. 334 (C.A.A.F.2001). While our superior court reversed that decision on other grounds, it adopted the distinctions we made. "The prohibition against multiplicity is necessary to ensure compliance with the constitutional and statutory restrictions against Double Jeopardy.... By contrast, the prohibition against unreasonable multiplication of charges addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *Quiroz,* 55 M.J. at 337 (citations omitted).

What *Quiroz* makes clear is that the issue of unreasonable multiplication of charges is normally not one of constitutional dimension. In *United States v. Edwards,* 58 M.J. 49, 52 (C.A.A.F.2003) our superior court noted that "[c]riminal defendants may knowingly and voluntarily waive many rights and Constitutional protections." In that case, the accused entered into a pretrial agreement in which he waived the right to raise a motion regarding the right to counsel and the right to remain silent during the investigative stage of his case. He also agreed that he would not even discuss these matters during the sentencing phase of his court-martial. Since Airman Basic Edwards had pleaded guilty, the focus on appeal was whether this provision had deprived him of a complete sentencing proceeding. The provision was upheld.

If a provision that prohibited an accused from even mentioning potential constitutional violations during his court-martial is not violative of public policy, we fail to see how a provision dealing with an issue that is not of constitutional dimension and is not specifically prohibited by R.C.M. 705(c)(1) could be so held. Accordingly, we hold that the pretrial agreement provision in which the appellant waived the issue of unreasonable multiplication of charges is not violative of public policy and is thus enforceable. Having answered the second specified issue in the negative, we further find that the appellant waived the issue of unreasonable multiplication of charges. Having found a valid waiver, we decline to address the first specified issue.

 Under the facts of this case, we find no evidence of a due process violation. We recognize, however, that the issue of unreasonable multiplication of charges can raise questions concerning "fundamental fairness."

*Quiroz,* 53 M.J. at 605. Thus, some cases involving an unreasonable multiplication of charges could result in a due process violation. Finally, since a significant focus of the unreasonable multiplication issue concerns "the potential for overreaching in the exercise of prosecutorial discretion[,]" *Quiroz,* 55 M.J. at 337, it should normally be the accused who proposes to waive this issue as a term of a pretrial agreement.[1]

### The Providence Inquiry

 Specification 2 of Charge II alleges that the appellant violated a lawful order issued by the Commanding Officer, Naval Submarine School, by "wrongfully violating Phase I Liberty limits." Although the specification cites a particular paragraph of the order the appellant violated, neither the order nor the applicable paragraph of the order is attached to the record. Prosecution Exhibit 1, a stipulation of fact, states that the specific provision the appellant violated read as follows: "all sailors reporting ... will be placed in Phase I. The following restrictions apply to Phase I liberty: weekday and weekend liberty will expire at 2200." PE 1 at 3.

During the inquiry into the providence of the appellant's guilty plea to this offense, there was some confusion as to just how the appellant had violated liberty limits. The inquiry focused at various times on the question of whether the appellant had exceeded the geographical limits of liberty; exceeded the maximum of 24 hours on liberty; or exceeded the curfew hours. Eventually, the military judge accepted the plea based upon violating the curfew by returning to base after 2200 hours on two successive evenings. Record at 47–49.

The standards of review concerning the providence of a guilty plea are so well-known that they need not be repeated here. We have applied those standards and find the plea to Specification 2 of Charge II to be provident. We also find the specification itself to be legally sufficient. *United States*

*v. Norvell,* 26 M.J. 477, 480 (C.M.A.1988)(citing *United States v. Sell,* 11 C.M.R. 202, 206, 1953 WL 2005 (C.M.A.1953)). As a matter of practice, however, we note that this issue would never have been addressed had the specification been drafted with more precision, detailing how the appellant violated the liberty limits, such as "by failing to return from liberty by 2200 in violation of Phase I Liberty limits."

### Conclusion

Accordingly, the findings and the sentence, as approved by the convening authority, are affirmed.

Senior Judge CARVER and Judge GEISER concur.

---

**1.** Although we cannot determine who proposed the waiver in the case before us, we find that the provision did not violate public policy under the facts of this case. The appellant stood trial before a special court-martial. Several of the specifications to which the appellant pleaded guilty exposed him to the maximum sentencing jurisdiction of that special court-martial. The appellant pleaded guilty to only two specifications that could have been considered an unreasonable multiplication of charges, Specifications 2 and 3 of Charge II.