**UNITED STATES**

v.

**Staff Sergeant Matthew W. GLADUE,
United States Air Force.**

**ACM 36580.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 25 May 2005.

30 Jan. 2008.

Appellate Counsel for the Appellant: Colonel Nikki A. Hall, Major Anniece Barber, and Captain Griffin S. Dunham.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Major Matthew S. Ward, Major Brendon K. Tukey, and Captain Daniel J. Breen.

Before WISE, BRAND, and HEIMANN, Appellate Military Judges.

## OPINION OF THE COURT

HEIMANN, Judge:

Consistent with his pleas, the appellant was convicted of attempt to conspire to commit murder, conspiracy to commit murder, failure to obey a lawful order, two specifications of communicating a threat to kill different victims, obstruction of justice, and two specifications of solicitation of another to commit murder, in violation of Articles 80, 81, 92, and 134, UCMJ, 10 U.S.C. §§ 880, 881, 892, 934. A military judge sentenced the appellant to a dishonorable discharge,

forfeiture of all pay and allowances, confinement for 18 years, and reduction to E–1. The convening authority approved the findings and, consistent with a pretrial agreement (PTA), approved a dishonorable discharge, total forfeitures, confinement for 10 years, and reduction to E–1.

The appellant raises two issues on appeal. The first issue is whether certain of the specifications are multiplicious with others or constitute an unreasonable multiplication of the charges. The second issue is whether confinement for 10 years and a dishonorable discharge is an excessively harsh approved sentence.[1]

### Multiplicity and Unreasonable Multiplication of Charges

On appeal, the appellant contends that his convictions for the two specifications of solicitation to murder are multiplicious with the obstruction of justice by soliciting another to commit murder and the attempted conspiracy to murder and therefore two of the four specifications must be set aside. Alternatively, the appellant contends that the charges constitute an unreasonable multiplication of charges. The appellant makes this claim despite his prior agreement to "waive any waiveable [sic] motions" in exchange for what turned out to be a significant limitation on the confinement imposed by the military judge. The prosecution insisted that the appellant agree to the waiver provision as a condition for the convening authority to accept the appellant's offer for a pretrial agreement.[2]

The military judge conducted an extensive inquiry into the appellant's understanding and acknowledgment of each provision of the PTA. When questioned by the military judge, the appellant acknowledged that he "freely and voluntarily" agreed to this term "in order to receive ... a beneficial pretrial agreement." In addition, the appellant acknowledged that the terms of his pretrial agreement precluded both the trial court and

"*any appellate court* from having the opportunity to determine if [he is] entitled to any relief upon those [waivable] motions." (emphasis added). When questioned, his trial defense counsel advised the military judge that they had considered a motion for a continuance, a suppression motion, and the potential for raising an entrapment motion. Finally, the appellant expressly acknowledged that he had discussed the above mentioned motions with his trial defense counsel and he understood that he was forfeiting his right to raise these motions and any other waivable motions in exchange for the benefits of the pretrial agreement. Claims of multiplicity or unreasonable multiplication of the charges were not specifically mentioned. Based upon the military judge's inquiry, we find as a matter of fact the appellant freely and voluntarily relinquished his rights at trial and on appeal to raise "waivable motions."

Despite his agreement and the benefit already received from the agreement, the appellant now seeks relief from this Court claiming multiplicity and unreasonable multiplication of the charges. His claim before this Court raises several issues. First, are claims of multiplicity and unreasonable multiplication of charges waivable pursuant to a PTA? Second, if so, what is the standard of review in light of the waiver provision? Finally, even if this Court determines that the appellant has waived his right to his asserted errors does Article 66(c), UCMJ, 10 U.S.C. § 866(c), require this Court to consider the appellant's claims of multiplicity and unreasonable multiplication of charges on its own?

Criminal defendants can waive many rights. In *United States v. Mezzanatto*, 513 U.S. 196, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995), the United States Supreme Court agreed that a criminal defendant "may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution."[3]  *Id.* at 201, 115 S.Ct. 797.

---

1. This issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982).

2. It is well established that this provision does not per se violate either Rule for Courts–Martial 705 or public policy. *See United States v. Weasler*, 43 M.J. 15 (C.A.A.F.1995).

3. *See Ricketts v. Adamson*, 483 U.S. 1, 10, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987) (holding double jeopardy defense waivable by pretrial agreement); *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (finding that a knowing and voluntary guilty plea waives the privilege against compulsory self-incrimination,

Included in these waivable rights are claims regarding both multiplicity and unreasonable multiplication of charges. *See United States v. Quiroz*, 55 M.J. 334, 338–39 (C.A.A.F. 2001); *United States v. Britton*, 47 M.J. 195, 198 (C.A.A.F.1997); *United States v. Carroll*, 43 M.J. 487, 488 (C.A.A.F.1996); *United States v. Butcher*, 53 M.J. 711, 714 (A.F.Ct. Crim.App.2000), *aff'd*, 56 M.J. 87, 93 (C.A.A.F.2001) (holding it is well within this Court's Article 66(c), UCMJ, authority to refuse to address a claim of unreasonable multiplication of charges when it "has been waived or forfeited").

■ Concluding that multiplicity and unreasonable multiplication of charges are waivable, we next look to the implications of the waiver on this Court's standard of review when such claims are raised for the first time on appeal. In *United States v. Lloyd*, 46 M.J. 19 (C.A.A.F.1997), our superior court declined to adopt a per se rule, proposed by this Court, that multiplicity claims "need be addressed only when they rise to the level of ineffective assistance of counsel." *Id.* at 21. Our superior court instead held the "plain error" doctrine governs the boundaries of the appellate review "in the absence of an express waiver or consent." *Id.* at 22. The court, citing *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), went on to hold that in unconditional guilty plea cases the Courts of Criminal Appeals need simply to consider whether the charged offenses are "facially duplicative" in making their plain error review. *Lloyd*, 46 M.J. at 23. But for the existence of the PTA provision, we agree that the standard of review in this case would be a question of the application of the "facially duplicative" test. We find however, the existence of the PTA provision amounts to an express waiver negating the need for a plain error "facially duplicative" review absent an "extreme or unreason-able 'piling on' of charges." *Butcher*, 53 M.J. at 714.

■ In *United States v. Mitchell*, 62 M.J. 673 (N.M.Ct.Crim.App.2006), the Navy–Marine Corps court found that the waiver provision of the pretrial agreement was enforceable, prohibiting the appellant from raising a waivable claim on appeal. *Id.* at 675. In *Mitchell*, the pretrial agreement expressly provided that the appellant was agreeing to "forego a motion alleging unreasonable multiplication of charges." *Id.* at 674. The court found the provision binding despite the lack of any showing in the record as to who proposed this particular provision of the PTA. *Id.* at 675. Based upon their conclusion the Navy–Marine Corps court did not conduct a plain error review of the claim of unreasonable multiplication of charges.[4]

Like the Navy–Marine Corps court, we also conclude that the PTA waiver provision eliminates the need for this Court to consider the claims of multiplicity and unreasonable multiplication of the charges when the appellant makes no claim of ineffective assistance of counsel. Following the logic of *Weasler*, 43 M.J. at 19, "[t]o hold otherwise would deprive appellant of the benefit of his bargain."

We further reject any assertion that the appellant must expressly relinquish either a multiplicity or unreasonable multiplication of charges motion at trial for this generic PTA waiver provision to have effect on his appeal. It is sufficient that the military judge ensure that the PTA provision was "freely and voluntarily" agreed to by the appellant. Having concluded that the appellant's plea to all of the charges and specifications were properly established pursuant to *Care*,[5] we need not look further as to the assertion of error on the charges. *See Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927. To do otherwise

---

the right to a jury trial, and the right to confront one's accusers); *Johnson v. Zerbst*, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (concluding the Sixth Amendment right to counsel may be waived). Likewise, absent some affirmative indication of Congress' intent to preclude waiver, statutory rights and provisions are subject to waiver by voluntary agreement of the parties. *See Evans v. Jeff D.*, 475 U.S. 717, 730–732, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986) (pre-vailing party in civil-rights action may waive its statutory eligibility for attorney's fees).

4. The appellant in *Mitchell* did not petition the Court of Appeals for the Armed Forces for review.

5. *United States v. Care*, 40 C.M.R. 247, 1969 WL 6059 (C.M.A.1969).

would result in this Court assuming a position squarely between the efforts of the convening authority and the appellant to enter an agreement that is permissible under the Constitution, the UCMJ and the Rules for Courts–Martial (R.C.M.).

Finally, Article 66(c), UCMJ, requires that we affirm only such findings and sentence as we find "correct in law and fact." Here the appellant, consistent with his right to do so, entered into an agreement with the convening authority to waive certain of his rights. Neither the agreement itself nor the implementation of that agreement violates the terms of R.C.M. 705. We also have no evidence of overreaching on the part of the prosecution suggesting a lack of fundamental fairness or a due process violation related to the PTA provision. Therefore, we need not go any further than a review of the *Care* inquiry to fulfill or Article 66(c), UCMJ, mandate. *See Quiroz*, 55 M.J. at 337; *United States v. Powell*, 49 M.J. 460 (C.A.A.F.1998).

### Sentence Appropriateness

The appellant asserts that a dishonorable discharge and confinement for 10 years is excessive in light of his exemplary service record, his deployment to Iraq, and the testimony presented that he was suffering from Post Traumatic Stress Disorder after his service in Iraq.

This Court reviews sentence appropriateness de novo. *United States v. Baier*, 60 M.J. 382, 383–84 (C.A.A.F.2005). We make such determinations in light of the character of the offender, the nature and seriousness of his offenses, and the entire record of trial. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982); *United States v. Bare*, 63 M.J. 707, 714 (A.F.Ct.Crim.App.2006), *aff'd*, 65 M.J. 35 (C.A.A.F.2007). We have a great deal of discretion in determining whether a particular sentence is appropriate, but are not authorized to engage in exercises of clemency. *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F.1999); *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A.1988).

Looking to the appropriateness of the appellant's sentence, considering the gravity of the appellant's offenses, even in view of his ten years of quality service, we find the sentence appropriate. There is no doubt the appellant had a successful career but his crimes are significant. His concerted efforts to arrange for the murder of a potential witness against him in a pending court-martial are particularly aggravating and alone worthy of the punishment approved in this case.

### Conclusion

The findings and the sentence are correct in law and fact and no error prejudicial to the appellant's substantial rights occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the findings and the sentence are

AFFIRMED.