# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, M.C. HOLIFIELD, K.J. BRUBAKER**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**JONATHAN B. PEREZ**
**LANCE CORPORAL (E-3), U.S. MARINE CORPS**

**NMCCA 201400296**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 11 April 2014.
**Military Judge**: LtCol L.J. Francis, USMC.
**Convening Authority**: Commanding General, 3d MAW, MCAS Miramar, San Diego, CA.
**Staff Judge Advocate's Recommendation**: Col Timothy M. Dunn, USMCR.
**For Appellant**: CDR Sabatino F. Leo, JAGC, USN.
**For Appellee**: CDR Christopher J. Geis, JAGC, USN; LT Ann E. Dingle, JAGC, USN.

**23 December 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as general court martial convicted the appellant, pursuant to his pleas, of one specification of wrongful possession of child pornography, and one specification of wrongful viewing of child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The military judge sentenced the appellant to seven years'

confinement, reduction to pay grade E-1, total forfeitures, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged. Pursuant to the pretrial agreement (PTA), the CA suspended all confinement in excess of 24 months for the period of confinement served plus 12 months thereafter.

On appeal, the appellant alleges that his separate convictions for viewing and possessing the same child pornography constitute an unreasonable multiplication of charges. After carefully considering the record of trial, the appellant's assignments of error, and the Government's response, we conclude that that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

### Waiver of Unreasonable Multiplication of Charges

As part of his PTA, the appellant expressly agreed to waive his right to "[r]elief based on multiplicity and unreasonable multiplication of charges [.]" Appellate Exhibit II at 5. During the providence inquiry, the military judge discussed that provision of the PTA with the appellant, and asked him if he fully discussed it with his trial defense counsel before entering into the agreement. He said that he had.

Although the President has prohibited the waiver of certain fundamental rights in a PTA, multiplicity and unreasonable multiplication of charges are not among them, and therefore an accused can knowingly and voluntary waive these issues. *United States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009). Based on the specific facts and circumstances of this case, we find the appellant expressly waived any claim of unreasonable multiplication of charges as to these specifications and therefore "extinguished his right to raise these issues on appeal." *Id*.

2

## Conclusion

The findings and the sentence as approved by the CA are affirmed.

For the Court



R.H. TROIDL
Clerk of Court