# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Airman TRAVIS A. MARTIN
## United States Air Force

## ACM S32247

## 29 January 2015

Sentence adjudged 10 April 2014 by SPCM convened at Cannon Air Force Base, New Mexico. Military Judge: Christopher M. Schumann (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 3 months, and reduction to E-1.

Appellate Counsel for the Appellant: Lieutenant Colonel Joy L. Primoli.

Appellate Counsel for the United States: Lieutenant Colonel Katherine E. Oler and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and MITCHELL
Appellate Military Judges

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

PER CURIAM:

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.[*] Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000).

---

[*] The Court notes that, based on the evidence adduced during the guilty plea inquiry, there was only one agreement between appellant and his co-conspirators (to steal two televisions from a dormitory day room and sell them), but the appellant stands convicted of two separate conspiracies (to steal military property and to sell it). "An agreement to commit several offenses is ordinarily but a single conspiracy." *Manual for Courts-Martial (MCM)* (2012 ed.), part IV, ¶ 5.c(3). Additionally, although he and his co-conspirator removed the televisions from the day room at the same time and the military judge treated the two specifications (which are identical) as one during the guilty plea

Accordingly, the approved findings and sentence are **AFFIRMED.**



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

inquiry, the appellant is convicted of two specifications of larceny (one for each television). Rule for Courts-Martial 307(c)(4) ("What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person."); *MCM* (2012 ed.), Part IV, ¶ 46(c)(1)(h)(ii) ("[W]hen a larceny of several articles is committed at substantially the same time and place, it is a single larceny ...."). But for the fact that the appellant agreed to "waive all waiveable motions" as part of his pretrial agreement, we would consolidate these sets of charges as an unreasonable multiplication of charges and/or facially duplicative. *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009).