**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Staff Sergeant PHILIP L. COVEL III**
**United States Air Force**

**ACM 38449**

**11 February 2015**

Sentence adjudged 19 July 2013 by GCM convened at Moody Air Force Base, Georgia. Military Judge: Michael J. Coco.

Approved Sentence: Bad-conduct discharge, confinement for 1 year, reduction to E-1, and a reprimand.

Appellate Counsel for the Appellant: Major Nicholas D. Carter and Major Jennifer J. Raab.

Appellate Counsel for the United States: Lieutenant Colonel C. Taylor Smith; Captain Richard J. Schrider; Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

WEBER, Judge:

The appellant providently pled guilty to one specification of willfully misusing his government travel card, one specification of making a false official statement, one specification of wrongfully using cocaine on divers occasions, four specifications of forging checks, and one specification of dishonorably failing to pay a debt. The charges and specifications represent violations of Articles 92, 107, 112a, 123, and 134, UCMJ, 10 U.S.C. §§ 892, 907, 912a, 923, 934. A panel of officer and enlisted members sentenced the appellant to a bad-conduct discharge, confinement for 1 year, forfeiture of

all pay and allowances, reduction to E-1, and a reprimand. The convening authority approved the sentence with the exception of the adjudged forfeitures.

The appellant asserts that the military judge erred in denying the defense's unlawful command influence (UCI) motion by allowing the squadron commander who preferred charges to attend the court-martial.

*Background*

The appellant, who had served in the Air Force for 19 years at the time of trial, had a cocaine problem. He stated he became addicted to cocaine after Air Force medical providers took him off prescription painkillers he had become dependent upon due to medical conditions. At one point, the appellant was enrolled in a drug treatment program for his dependency upon painkillers, but he failed out of that program. A random urinalysis revealed the presence of the cocaine metabolite in the appellant's system, and an ensuing investigation uncovered significant financial misconduct by the appellant that apparently related to his cocaine use. This financial activity included giving his government travel charge card to a drug dealer to use in payment of a $2,000 drug debt the appellant owed and altering checks the Air Force Aid Society provided to pay the appellant's bills by substituting the appellant's name for that of the payee.

Pursuant to a pretrial agreement, the appellant pled guilty to the charges and specifications mentioned above. As part of the agreement, the convening authority withdrew and dismissed three specifications. The convening authority also agreed not to approve confinement in excess of 12 months and not to approve a dishonorable discharge, but that agreement had no effect on the adjudged sentence.

*Unlawful Command Influence*

During sentencing, trial defense counsel objected to the appellant's commander's presence in the gallery or near the courtroom. Trial defense counsel stated the commander, who preferred charges in the case, had been in the gallery "for the past hour or so." Trial defense counsel also indicated that upon his request, the preferring commander was removed from the gallery but remained sitting on a couch outside the courtroom, near the entrance to the courtroom and in sight of the members during recesses. Trial defense counsel further voiced concern over the fact that two of the members during voir dire stated they knew the appellant's commander, though only professionally.[1] Trial defense counsel did not raise any formal UCI motion regarding this matter and did not request any relief other than having the commander removed from the

---

[1] The record reveals only one member, the panel president, expressed a familiarity with the preferring commander. That member stated he only knew the preferring commander as a fellow squadron commander and saw him only at meetings and at the squadron commander's course. He did not have a personal relationship with the preferring commander.

members' sight. Trial defense counsel indicated he believed case law supported his position, but he did not have any case citations available at the moment.

The military judge declined to order the commander's removal, finding the commander's mere presence in the courtroom did not raise the issue of UCI. Later, the military judge followed up on his ruling by citing *United States v. Harvey*, 64 M.J. 13 (C.A.A.F. 2006). In *Harvey*, the court noted that the convening authority appeared in the courtroom wearing his flight suit during a case where the Government characterized the appellant's misconduct as a direct threat to the safety of the aviation community. *Id.* at 19. The court held that this, in conjunction with the members' familiarity with the convening authority and indications that the members were looking at the convening authority, raised some evidence of UCI that then required the Government to rebut. *Id.* at 19–21. The military judge distinguished *Harvey* from the instant case, noting that the preferring commander held no position of authority over any member, he did not engage in any visible inappropriate behavior while in the courtroom, and he was in the same uniform as other courtroom spectators and thus did not stand out. Civilian defense counsel noted that *Harvey* was the case he was thinking of earlier, and that "there was a meeting of the minds between [the military judge] and defense." The defense did not further raise this issue, and the record does not indicate whether the preferring commander remained in the courtroom for the remainder of the proceedings.

The pretrial agreement required the appellant to "waive all motions which may be waived under the Rules for Courts-Martial." Trial defense counsel's UCI objection occurred well after the military judge inquired if the appellant understood the meaning and effect of this provision. Trial counsel did not allege that the appellant violated this provision by raising the issue of the preferring commander's presence in the room.

When an appellant has intentionally waived a known right at trial, "it is extinguished and may not be raised on appeal." *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (citing *United States v. Harcrow*, 66 M.J. 154, 156 (C.A.A.F. 2008)). In *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995), the United States Supreme Court agreed that a criminal defendant "may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution."

Article 37, UCMJ, 10 U.S.C. § 837, states any commanding officer may not "censure, reprimand, or admonish the court or any member . . . with respect to the findings or sentence adjudged by the court, or with respect to any other exercises of its or his functions in the conduct of the proceedings." The same article also prohibits any person subject to the Code from attempting to "coerce or, by any unauthorized means, influence the action of a court-martial or any other military tribunal or any member thereof, in reaching the findings or sentence in any case . . . ."

The appellant, on appeal, bears the initial burden of raising UCI. The "appellant 'must show (1) facts which, if true, constitute [UCI]; (2) show that the proceedings were unfair; and (3) show that [UCI] was the cause of the unfairness.'" *United States v. Richter*, 51 M.J. 213, 224 (C.A.A.F. 1999) (quoting *United States v. Biagase*, 50 M.J. 143, 150 (C.A.A.F. 1999)). While more than a mere allegation or speculation is required, the initial burden of showing potential UCI is low. *United States v. Stoneman*, 57 M.J. 35, 41 (C.A.A.F. 2002). The level of evidence necessary to raise UCI is "some evidence." *Id.* (quoting *Biagase*, 50 M.J. at 150) (internal quotation marks omitted). Once the issue is raised by some evidence, the burden shifts to the Government to rebut an allegation of UCI by persuading the court beyond a reasonable doubt that (1) the predicate facts do not exist, (2) the facts do not constitute UCI, or (3) the UCI did not have a prejudicial impact on the findings or sentence. *Biagase*, 50 M.J. at 151.

Allegations of UCI are reviewed for actual as well as apparent UCI. "Even if there was no actual UCI, there may be a question whether the influence of command placed an 'intolerable strain on public perception of the military justice system.'" *Stoneman*, 57 M.J. at 42–43 (quoting *United States v. Wiesen*, 56 M.J. 172, 175 (C.A.A.F. 2001)). The test for the appearance of UCI is objective. "We focus upon the perception of fairness in the military justice system as viewed through the eyes of a reasonable member of the public." *United States v. Lewis*, 63 M.J. 405, 415 (C.A.A.F. 2006). An appearance of UCI arises "where an objective, disinterested observer, fully informed of all the facts and circumstances, would harbor a significant doubt about the fairness of the proceeding." *Id.*

The Government argues that under the "waive all waivable motions" pretrial agreement provision, the appellant has waived his right to complain of the preferring commander's presence in or near the courtroom. We decline to apply waiver, for three reasons. First, while there appears to remain some ambiguity on this issue, our superior court has generally been reluctant to apply waiver to issues of UCI arising during trial.[2]

---

[2] *See United States v. Riesbeck*, __ M.J. __ No. 15-0074/CG (Daily Journal 11 December 2014) (concluding that the issue of improper member selection was not waived and noting that "improper member selection can constitute unlawful command influence, an issue that cannot be waived"); *United States v. Hutchins*, 72 M.J. 294, 312 (C.A.A.F. 2013) (Baker, C.J., dissenting) ("[W]e have never held that an issue of unlawful command influence arising during trial may be waived by a failure to object or call the matter to the trial judge's attention.") (quoting *United States v. Baldwin*, 54 M.J. 308, 310 n.2 (C.A.A.F. 2001)); *United States v. Douglas*, 68 M.J. 349, 356 n.7 (C.A.A.F. 2008) ("We note that this Court has not applied the doctrine of waiver where unlawful command influence is at issue.") (citing *United States v. Johnston*, 39 M.J. 242, 244 (C.M.A. 1994)); *United States v. Hamilton*, 41 M.J. 32, 37 (C.M.A. 1994) ("Unlawful command influence at the referral, trial, or review stage is not waived by failure to raise the issue at trial"; *United States v. Blaylock*, 15 M.J. 190, 193 (C.M.A. 1983) ("In view of the policy clearly stated in Article 37, we have never allowed doctrines of waiver to prevent our considering claims of improper command control. Indeed, to invoke waiver would be especially dangerous, since a commander willing to violate statutory prohibitions against command influence might not hesitate to use his powers to dissuade trial defense counsel from even raising the issue." (internal citations omitted)). *Cf. United States v. Richter*, 51 M.J. 213, 224 (C.A.A.F. 1999) (finding allegation of unlawful command influence in preferral was waived by failure to raise the issue at trial); *United States v. Weasler*, 43 M.J. 15, 19 (C.A.A.F. 1995) ("If an accused waives an allegation of unlawful command influence in the preferral of charges by failure to raise a timely objection at trial, then surely an

Second, the appellant *did* raise this issue at trial, and the Government did not contend that he violated this provision of his pretrial agreement in so doing.

Finally, we need not decide whether waiver applies to this issue because the appellant's claim roundly fails on its merits. The preferring commander merely sat in the courtroom and on a couch near the courtroom. There is no evidence the squadron commander engaged in any action that sought to influence the members. Only one member knew the preferring commander, and then only on a professional basis at meetings and training. The preferring commander did not hold any position of authority over the members, and he was actually of a lower military rank than the one member who did know him. None of the concerns present in *Harvey* are present in this case. Under these facts, the appellant did not raise some evidence of UCI, and the military judge properly declined to order the preferring commander to remove himself.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.[3] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

accused, following a timely objection, should be permitted to initiate an affirmative and knowing waiver of an allegation of unlawful command influence in the preferral of charges in order to secure the benefits of a favorable pretrial agreement. To hold otherwise would deprive appellant of the benefit of his bargain.").

[3] The court-martial order contains an error in that it states the appellant pled not guilty to Specification 1 of Charge I. We have considered this clerical error and determined it is not prejudicial; however, we order a corrected court-martial order. *See* Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 10.10 (25 September 2014).