# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, K.M. MCDONALD, D.C. KING**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**JEREMY J. KEPNER**
**MISSILE TECHNICIAN SECOND CLASS (E-5), U.S. NAVY**

**NMCCA 201500019**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 7 November 2014.
**Military Judge:** CAPT Bethany Payton-O'Brien, JAGC, USN.
**Convening Authority:** Commanding Officer, Naval Submarine Support Center Bangor, Silverdale, WA.
**Staff Judge Advocate's Recommendation:** LT N.T. Staring, JAGC, USN.
**For Appellant:** CDR Gregory Dimler, JAGC, USN.
**For Appellee:** LCDR Catheryne E. Pully, JAGC, USN; LT Ann E. Dingle, JAGC, USN.

**30 April 2015**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial, convicted the appellant, consistent with his pleas, of two specifications of assault consummated by a battery in violation of Article 128 Uniform Code of Military Justice, 10 U.S.C. § 928. The court sentenced the appellant to be reduced to pay

grade E-1, to forfeit $750.00 pay per month for 11 months, confinement for 11 months, and a bad-conduct discharge. The convening authority approved the sentence as adjudged but suspended confinement in excess of 270 days, in accordance with the pretrial agreement.

On appeal, the appellant alleges that his separate convictions for assault consummated by a battery constitute an unreasonable multiplication of charges. After carefully considering the record of trial and the parties briefs, we conclude that that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant hosted a party at which he and his fellow Sailors became inebriated. Later that night, the victim, Petty Officer CK, fell asleep on the appellant's couch. The appellant approached the sleeping CK, and removed his pants. After removing his pants, the appellant touched CK's penis with his fingers and mouth. CK woke up, resisted, and immediately left the appellant's home. CK then filed a complaint with his command, resulting in charges being referred to a special court martial. Although the appellant claims to have no memory of the events of the evening, he nonetheless entered into an agreement with the convening authority to plead guilty in exchange for the sentence limitation discussed above.

In the memorandum of his pretrial agreement, the appellant agreed to waive motions regarding unreasonable multiplication of charges.[1] In addition, while summarizing a RULE FOR COURTS-MARTIAL 802, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) conference, the military judge stated:

> [t]he court just expressed some concern about the two specifications as to the timing. The court was concerned about an unreasonable multiplication of charges based on just the stipulation of fact I had.

---

[1] The applicable provision states: "I reserve the right to raise motions regarding my right to due process, the right to challenge the jurisdiction of the court martial, the right to a speedy trial, the right to raise the issue of unlawful command influence, or any other motion that cannot be waived under R.C.M. 705. I agree to waive my right to raise any other motion not explicitly reserved by this paragraph." Appellate Exhibit I at ¶ 18(f).

The parties gave me sufficient factual information, and the court is, at this time, not concerned about an unreasonable multiplication of charges.[2]

The trial defense counsel concurred with the court's summation. Moreover, during her closing argument, trial defense counsel stated, "I don't want to be misconstrued, Your Honor. I'm not asking for some sort of unreasonable multiplication of charges or--or having you merge these things for sentencing, but the reality is these did not occur on two separate nights."[3] The court then stated, "In light of your argument . . . [t]he court just wants to make clear for the record that the court does not find an unreasonable multiplication of charges under the *Quiroz* factors."[4]

## Discussion

It is settled law that an accused can waive the issue of unreasonable multiplication of charges. *United States v. Gladue,* 67 M.J. 311, 314 (C.A.A.F. 2009) ("Although the President has prohibited the waiver of certain fundamental rights in a PTA, neither multiplicity nor the unreasonable multiplication of charges is among them."). "Waiver is the intentional relinquishment or abandonment of a known right." *Id.* at 313 (citations and internal quotation marks omitted). Based upon the specific facts and circumstances of this case, we are convinced that the appellant waived the issue of which he now complains and "extinguished his right" to raise the issue on appeal. *Id.* at 314.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

---

[2] Record at 7.

[3] *Id.* at 70.

[4] *Id.* at 71.