# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private (E-2) STUART H. CLARK**
**United States Army, Appellant**

ARMY 20140312

Headquarters, Maneuver Support Center of Excellence and Fort Leonard Wood
Gregory B. Batdorff, Military Judge
Colonel Robert F. Resnick, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbrandt, JA; Captain Amanda R. McNeil, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major A.J. Courie III, Major Daniel D. Derner, JA; Captain James P. Curtin, JA (on brief).

16 December 2015

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

WOLFE, Judge:

A general court-martial composed of a military judge convicted appellant, consistent with his pleas, of one specification of sexual abuse of a child, two specifications of producing child pornography, and two specifications of possessing child pornography in violation of Articles 120b and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920b and 934 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for six years, and a reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening authority reduced the confinement to sixteen months and approved the remainder of the sentence.

Appellant's case is before this court for review under Article 66, UCMJ. Appellant assigns two allegations of error, one of which merits discussion but not relief.

## Background

During the summer and early fall of 2013, appellant met two unrelated children online - girls aged 13 and 16. During a series of emails and chats, he independently convinced both of them to take graphic photos of themselves in various stages of undress and nudity. Despite knowing their age, appellant sent each child emails directing them on how to take additional photos, how to position themselves, and how to better display their genitals for his sexual pleasure. Both children complied and sent appellant a series of pictures. Appellant copied and stored the pictures and reviewed them weekly for the purpose of sexual gratification.

Appellant pleaded guilty to one specification of sexual abuse of a child for communicating indecent language to the 13-year old child, including telling her to use two fingers to spread open her labia. Appellant pleaded guilty to two specifications of producing child pornography for directing both children to create child pornography that did not previously exist.[*] Appellant pleaded guilty to two specifications of possessing child pornography for copying the images he was sent on to various media devices so he could view them later.

## Unreasonable Multiplication of Charges

On appeal, for the first time, appellant argues that the charges are unreasonably multiplied, and that the military judge abused his discretion in not merging the specifications. We disagree.

As an initial matter, we note that appellant specifically waived this issue when he agreed to waive all waivable motions under the exact same circumstances as were presented in *United States v. Gladue*, 67 M.J. 311 (C.A.A.F. 2009). While this court can notice a waived error, *see* Article 66(c), UCMJ, we decline to do so in this case for two independent reasons.

First, appellant's convictions address three separate criminal acts, each designed to avoid different societal harms. When appellant indecently communicated graphic sexual language to children, the offense was completed regardless of whether the children eventually complied with his direction to provide sexual photos. When the children took the photos at appellant's direction, appellant produced child pornography. When appellant copied and saved the images and reviewed them on a regular basis for the purpose of sexual gratification, the victimization of the children continued. Appellant stipulated that child pornography

---

[*] Appellant's providence inquiry was detailed and lengthy and included admissions that he was giving directions on how to pose in the same manner as a photographer would direct a model.

is not a victimless crime and to the unknown future impact his offenses may have on his victims.

Second, it important to note that appellant's pleas were part and parcel of a negotiated guilty plea. That is, in exchange for a *substantial* limit to the confinement appellant would serve, appellant agreed to plead guilty to all charges and specifications. If, for example, appellant had raised the issue of unreasonable multiplication of charges at trial, he would have violated his agreement with the convening authority and risked losing the benefit of the deal. Alternatively, had appellant negotiated to plead guilty to only some of the offenses, or to have the offenses merged, it is far from certain that the parties would have arrived at the same deal. Appellant fails to provide any reason to disturb this negotiated agreement, and our independent review of the record finds none.

## Conclusion

After considering the entire record and the submissions of the parties, the findings of guilty and the sentence are AFFIRMED.

Senior Judge HAIGHT and Judge PENLAND concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court