# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist TALAN S. GARNER**
**United States Army, Appellant**

ARMY 20180135

Headquarters, United States Army Alaska
Scott A. Oravec, Military Judge
Colonel Roseanne M. Bennett, Staff Judge Advocate

For Appellant: Major Todd W. Simpson, JA; Major William M. Grady, JA.

For Appellee: Lieutenant Colonel Eric K. Stafford, JA.

19 December 2018

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

This case is at this court for review under Article 66(c), Uniform Code of Military Justice [UCMJ]. Appellant submitted the case for our consideration without any assignments of error. With regard to certain specifications and specified legal issues, appellant (both personally and through counsel) stated that he waived certain legal errors.[1] However, appellant has not waived or withdrawn our appellate review. *See* UCMJ arts. 61, 66.

A knowing and voluntary waiver extinguishes any legal error. *See, e.g., United States v. Gladue*, 67 M.J. 311, 313-14 (C.A.A.F. 2009). Thus, a record containing a legal error will nonetheless be "correct in law" if the error was properly waived. Thus, for all issues for which appellant's waiver is applicable, the record is correct in law.

---

[1] The government does not oppose the error.

But, just because an appellant has waived an issue, does not mean that the duty of this court is at an end. This court must still conduct a review of the entire record under Article 66(c), UCMJ. Our duty to determine whether a finding "should be approved" includes a determination as to whether we should grant relief for waived legal errors. When a legal error has been waived, our review under Article 66(c), UCMJ, includes a determination as to whether we should "notice" (i.e. set aside) the waiver.

Having completed our review of the entire record under Article 66(c), UCMJ, we accept appellant's waiver. The waiver in this case was tailored and given with the advice of appellate counsel. Were we to notice the waiver we would be granting appellant "relief" that he has not requested and has specifically disclaimed. While appellant did not (and in this case need not) explain the basis of the waiver, nothing in the record gives us pause as to why we should not let the waiver stand.[2]

Appellant's waiver in this case is atypical, but we see nothing that prohibits it. The waiver was not made as part of a pretrial agreement under Rule for Courts-Martial [R.C.M.] 705(c)(1)(B), nor has appellant received any inducement for the waiver. *See* R.C.M. 1110(c). Indeed, a knowing and voluntary waiver on appeal, especially when done in concert with the advice of appellate counsel, will often serve the purposes of judicial economy.

## CONCLUSION

On consideration of the entire record, the findings and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] It is enough for us to determine that there are objectively reasonable reasons why an appellant may elect to waive certain issues on appeal. For example, an appellant may desire a quick end to the appellate proceedings in order to receive a discharge, or to terminate the Army's personal jurisdiction over him. Or, an appellant on excess leave, and who has moved on to the next stage of his life, may not want to risk the chance of a rehearing where he will be required to report back to the Army.