# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman RACHEL S. PERONE
### United States Air Force

## ACM S32186

## 15 October 2014

Sentence adjudged 7 October 2013 by SPCM convened at Mountain Home Air Force Base, Idaho. Military Judge: Shaun S. Speranza (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 30 days, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Lauren A. Shure.

Appellate Counsel for the United States: Captain Matthew J. Neil and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

PER CURIAM:

A special court-martial composed of a military judge convicted the appellant, pursuant to her pleas, of wrongfully using methamphetamine and oxycodone, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 30 days, and reduction to E-1.

On appeal, the appellant argues she was denied the meaningful opportunity for clemency when the personal data sheet (PDS) presented to the convening authority failed

to mention her combat service. Finding no error that materially prejudices a substantial right of the appellant, we affirm the approved findings and sentence.[1]

*Background*

The appellant joined the Air Force in 2006. On 7 June 2013, she provided a urine sample through the base random inspection program, which ultimately tested positive for methamphetamine and oxycodone. The following day, she went to the base clinic and admitted to using methamphetamine and abusing prescription drugs. She then entered a 30-day inpatient treatment facility.

At trial, the appellant pled guilty to using methamphetamine and oxycodone prior to her urinalysis. In sentencing, the Government submitted evidence of her extensive disciplinary record, which included nonjudicial punishment for a positive urinalysis in February 2013.

*Incorrect Personal Data Sheet*

From January to May 2007, the appellant was deployed to Balad Air Base, Iraq. The Personal Data Sheet (PDS), admitted without objection during sentencing at trial, made no mention of this deployment.[2] The same PDS was attached to the staff judge advocate recommendation (SJAR) and provided to the convening authority, again without objection from the defense. The appellant now claims on appeal that the omission of the deployment from the PDS denied her a meaningful opportunity for clemency and warrants a new action from the convening authority.

Proper completion of post-trial processing is a question of law which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Failure to comment in a timely manner on matters in the SJAR, or on matters attached to the SJAR, forfeits[3] any

---

[1] We address one matter not raised by the appellant. Prior to accepting her guilty plea, the military judge advised the appellant "the maximum punishment authorized in this case based solely on your guilty plea is a bad-conduct discharge, confinement for 12 months, forfeiture of two-thirds pay per month for 12 months. A fine may also be adjudged." In so stating, the military judge failed to note that reduction in grade was also authorized. Viewing the record as a whole, however, we are convinced the appellant, in pleading guilty, was fully aware of the proper maximum punishment, to include a potential reduction in grade. The appellant was, for example, privy to a conversation immediately preceding the misstatement by the military judge in which all parties concurred in a correct understanding of the maximum punishment, including reduction to the lowest enlisted grade. The appellant evinced no surprise nor offered any objection when trial counsel argued strongly for a reduction in grade. No surprise was evident nor was any objection raised when the military judge announced a sentence that included a reduction to E-1. We see no real possibility that the appellant was misled or confused by the misstatement of the military judge. Nor do we find therein any error materially prejudicial to any right of the appellant.

[2] The personal data sheet (PDS) did reference the appellant's deployment to Oman from July to November 2013 as "overseas service."

[3] Rule for Courts-Martial 1106(f)(6) and *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) both indicate that *waiver* occurs when counsel fails to comment on matters in the staff judge advocate's recommendation. However,

later claim of error in the absence of plain error.  Rule for Courts-Martial 1106(f)(6); *United States v. Scalo,* 60 M.J. 435, 436 (C.A.A.F. 2005).  "To prevail under a plain error analysis, [the appellant bears the burden of showing] that:  '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'"  *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65).

In this case, the staff judge advocate attached to the SJAR a PDS that incorrectly stated the appellant had no combat service.  This was plain or obvious error.[4]  Thus, the only question before us "is whether the [erroneous PDS] resulted in material prejudice to Appellant's substantial right to have [her] request for clemency judged on the basis of an accurate record."  *See United States v. Wellington*, 58 M.J. 420, 427 (C.A.A.F. 2003).  "Because of the highly discretionary nature of the convening authority's action on the sentence, we will grant relief if an appellant presents 'some colorable showing of possible prejudice'" affecting her opportunity for clemency.  *Kho*, 54 M.J. at 65 (quoting *Unite States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)); *Scalo*, 60 M.J. at 436–37.

Although the PDS failed to properly reflect it, the record indicates that the convening authority was made aware of the appellant's combat service.  The defense petition for clemency urged the convening authority to consider the appellant's "wartime service," and the addendum to the SJAR advised that the clemency request was a matter the convening authority must consider prior to taking action.  Amongst the decorations listed on the PDS is the Air Force Expeditionary Ribbon with Gold Border, which is authorized for those who were engaged in conducting or supporting combat operations in a designated combat zone.[5]  *See* Air Force Instruction 36-2803, *The Air Force Military Awards and Decorations Program*, ¶5.3.10.4 (18 December 2013).

---

our superior court's decision in *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) recognizes that military courts had failed to "consistently distinguish between the terms 'waiver' and 'forfeiture.'" *Gladue* held that waiver is the "intentional relinquishment or abandonment of a known right," which precludes appellate review of an issue, while forfeiture is "the failure to make the timely assertion of a right" leading to plain error review on appeal (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted). Following *Gladue*, the term "forfeiture" should generally characterize the effect of a failure to timely comment on matters in the staff judge advocate's recommendation.  *See United States v. Parker*, __ M.J. __ ACM 38384 (A.F. Ct. Crim. App. 15 October 2014) (stating that the appellant forfeited, rather than waived, a claim that erroneous information was attached to the staff judge advocate's recommendation).

[4]  Prior to 2010, Rule for Courts-Martial 1106(d)(3)(C) expressly stated that the staff judge advocate must provide the convening authority with a "summary of the accused's service record."  *See Manual for Courts-Martial, United States* (*MCM*), Part II-150 (2008 ed.).  In 2010, the rule was modified to eliminate that requirement, although the Drafter's Analysis states this was done to "allow[] for the use of personnel records of the accused instead." *MCM*, A21-88 (2012 ed.).  Regardless of the language of the rule, the information provided to the convening authority must be correct.

[5]  Although not raised by the appellant, we also note the PDS admitted at trial and given to the convening authority did not list the Iraq Campaign Medal she was awarded for this deployment to Iraq, although the citation was admitted as a defense exhibit.  We find no prejudice from this omission but caution both trial and defense counsel to exercise care when summarizing an accused's personnel records on a PDS.

Moreover, while any service in a zone of hostilities is commendable, neither the record nor the appellant herself suggest any valor or extraordinary contribution beyond her regular duties as a Food Service Apprentice. Indeed, her Enlisted Performance Report for the period in question is less than sterling. The appellant's 2007 deployment to Iraq is followed by a lengthy history of substance abuse and other misconduct culminating in the court-martial before us. It is not reasonably possible that inclusion of the four-month deployment in the PDS would have influenced the convening authority to act any differently. We do not find any "colorable showing of possible prejudice" from the erroneous PDS.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court