# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman CANDON S. BRAKE
### United States Air Force

## ACM S32172

## 15 October 2014

Sentence adjudged 20 August 2013 by GCM convened at Peterson Air Force Base, Colorado. Military Judge: Michael J. Coco (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 90 days, forfeiture of $1,010.00 pay per month for 5 months, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Lauren A. Shure.

Appellate Counsel for the United States: Major Robert Ramírez and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

TELLER, Judge:

Consistent with his pleas, the appellant was convicted at a special court-martial composed of a military judge alone of one specification of violation of a lawful general order, in violation of Article 92, UCMJ, 10 U.S.C. § 892. The court sentenced him to a bad-conduct discharge, confinement for 5 months, forfeiture of $1,010.00 pay per month for 5 months, and reduction to E-1.

In accordance with a pretrial agreement (PTA), the convening authority reduced confinement to 90 days but approved the rest of the sentence as adjudged. By the time of his trial, the appellant had been in pretrial confinement for 83 days, which in combination

with credit for good time, would satisfy the adjudged term of confinement. The convening authority therefore deferred confinement from the date of trial until action in anticipation of enforcing the PTA, in order to prevent the appellant from serving more confinement than the convening authority would ultimately approve.

The appellant contends the staff judge advocate (SJA) erred when he omitted the appellant's combat service from the personal data sheet (PDS) presented to the convening authority prior to action. While we concur the omission was error, we find under a plain error analysis that there was no colorable showing of possible prejudice and affirm.

*Background*

The appellant, a security forces Airman, admitted to smoking "Spice" on- and off-duty on an almost daily basis between 1 April 2012 and 30 May 2013. Among other instances of on-duty use, he admitted to using Spice while serving as the team leader of an armed four-person detail assigned to the alarms monitoring area of the North American Aerospace Defense Command/United States Northern Command building on Peterson Air Force Base, Colorado, a protection level 1 facility.

When his drug use was discovered, he was offered and completed an inpatient substance abuse rehabilitation program. Shortly after completing the program, the appellant's supervisor found him using Spice again while on-duty.

*Omission of Combat Duty on the PDS*

Proper completion of post-trial processing is a question of law, which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Failure to timely comment on matters in the staff judge advocate's recommendation (SJAR), or on matters attached to the SJAR, forfeits[1] any later claim of error in the absence of plain error. Rule for Courts-Martial 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). "To prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65).

---

[1] Rule for Courts-Martial 1106(f)(6) and *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) both indicate that *waiver* occurs when counsel fails to comment on matters in the staff judge advocate's recommendation. However, our superior court's decision in *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) recognizes that military courts had failed to "consistently distinguish between the terms 'waiver' and 'forfeiture.'" *Gladue* held that waiver is the "intentional relinquishment or abandonment of a known right," which precludes appellate review of an issue, while forfeiture is "the failure to make the timely assertion of a right" leading to plain error review on appeal (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted). Following *Gladue*, the term "forfeiture" should generally characterize the effect of a failure to timely comment on matters in the staff judge advocate's recommendation. *See United States v. Parker*, __ M.J. __ ACM 38384 (A.F. Ct. Crim. App. 15 October 2014) (stating that the appellant forfeited, rather than waived, a claim that erroneous information was attached to the staff judge advocate's recommendation).

In this case, the SJA attached to the SJAR a copy of the PDS that incorrectly stated the appellant had no combat service. This was plain or obvious error.[2] Thus, the only question before us "is whether the [erroneous PDS] resulted in material prejudice to Appellant's substantial right to have his request for clemency judged on the basis of an accurate record." *See United States v. Wellington*, 58 M.J. 420, 427 (C.A.A.F. 2003). "Because of the highly discretionary nature of the convening authority's action on the sentence, we will grant relief if an appellant presents 'some colorable showing of possible prejudice'" affecting his opportunity for clemency. *Kho*, 54 M.J. at 65 (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)); *Scalo*, 60 M.J. at 436–37.

In this case, the appellant has failed to make a colorable showing of potential prejudice. The military judge, who reviewed an accurate PDS which listed the combat service as "Al Jaber, Kuwait: Aug 11 – Feb 12," sentenced the appellant to a more severe sentence than that approved by the convening authority. The convening authority reduced the sentence in accordance with a PTA. The question is whether the nature of the appellant's combat service was such that the convening authority might have reduced the sentence even further had he been aware of it.

The only detailed information in the record of trial about the appellant's combat service comes from the appellant's unsworn written statement. According to the statement, the appellant served six months in Kuwait during 2011 and 2012, where he re-opened a closed facility. He related that for the first couple months he was primarily tasked to re-establish defenses with sandbags and concertina wire. Although he mentioned being assigned to a detail that provided security for personnel traveling off the base, he did not mention being subjected to hostile fire or any particularized threat. The Government did not offer any rebuttal of the appellant's statement.

The appellant did not include his unsworn statement as part of his clemency submission and did not provide the convening authority with any details about his combat service. *See Scalo*, 60 M.J. at 437. Instead, the clemency submission consisted only of a memorandum from his trial defense counsel arguing that the reduction, pretrial confinement, and 3 months forfeitures were sufficient punishment and that the remainder of the forfeitures and the bad-conduct discharge would only make the appellant's reintegration unnecessarily more difficult.

Although the threshold under the plain error analysis is low, it does require at least a colorable showing that the result would have been different but for the asserted error. On the facts of this case and in light of the severity of the appellant's misconduct, we find

---

[2] Prior to 2010, Rule for Courts-Martial 1106(d)(3)(C), expressly stated that the staff judge advocate must provide the convening authority with a "summary of the accused's service record." *See Manual for Courts-Martial, United States* (*MCM*), Part II-150 (2008 ed.). In 2010, the rule was modified to eliminate that requirement, although the Drafter's Analysis states this was done to "allow[] for the use of personnel records of the accused instead." *MCM*, A21-88 (2012 ed.). Regardless of the language of the rule, the information provided to the convening authority must be correct.

no reasonable possibility that the convening authority would have approved a less severe sentence had the PDS accurately reflected the appellant's combat service to Kuwait.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court