# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Senior Airman JONATHAN W. JAMES
## United States Air Force

## ACM S32213

## 06 April 2015

Sentence adjudged 7 January 2014 by SPCM convened at Spangdahlem Air Base, Germany. Military Judge: Dawn R. Eflein (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 6 months, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Michael A. Schrama.

Appellate Counsel for the United States: Lieutenant Colonel John E. Owen; Major Daniel J. Breen; Captain Richard J. Schrider; and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

WEBER, Judge:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of each of the following: wrongfully using marijuana, wrongfully using 3, 4-Methylenedioxymethamphetamine (ecstasy), assault consummated by a battery, drunk and disorderly conduct, obstruction of justice, and communicating a threat. The charges and specifications represent violation of Articles 112a, 128, and 134, UCMJ, 10 U.S.C. §§ 912a, 928, 934. The military judge sentenced the appellant to a bad-conduct discharge, confinement for 7 months, and reduction to E-1. Pursuant to a

pretrial agreement (PTA), the convening authority reduced confinement to 6 months but otherwise approved the sentence as adjudged.

The appellant personally asserts two assignments of error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). First, he alleges the specifications for obstruction of justice and communicating a threat represent multiplicious charging or an unreasonable multiplication of charges. Second, he requests relief under *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002), because the Government violated the 30-day standard to forward the record of trial to this court. We find no error and affirm.

*Background*

The appellant used marijuana and ecstasy during a group outing to Amsterdam in early 2013. The Air Force Office of Special Investigations later learned of this misconduct, and the appellant was placed on restricted duty pending a probable court-martial. While this matter was pending and after a night of drinking excessive amounts of alcohol, the appellant and another Airman implicated in the investigation confronted a third Airman, accusing him of informing investigators about their earlier drug use. As this situation escalated, another Airman intervened. The appellant accused this other Airman of also being an informant, grabbed him by the throat, and pushed him into a wall.

Charges for these two incidents were preferred against the appellant. As the appellant's court-martial approached, and after another night of excessive alcohol consumption, the appellant approached another Airman, a friend who had also been implicated in the investigation about drug use in Amsterdam. The appellant suspected that the friend had secured a discharge in lieu of a court-martial by agreeing to testify against the appellant. The appellant threatened to kill the friend or have civilian contacts "come after" the friend's family members. The appellant pressured the friend to disclose his family members' contact information, and when the friend refused, the appellant stated that he could find that information on the Internet and could have a "hit" put out on the friend's family members. The friend later informed his first sergeant, and an additional charge with specifications of obstructing justice and communicating a threat were preferred and referred.

*Multiplicity/Unreasonable Multiplication of Charges*

The appellant alleges that the specifications of obstruction of justice and communicating a threat are multiplicious, or alternatively they represent an unreasonable multiplication of charges. At trial, the appellant did not move to dismiss either of the specifications on grounds of multiplicity or unreasonable multiplication of charges. Instead, as part of his PTA, he contracted to waive all waivable motions. The military

judge explored this provision with the appellant, learned that this provision originated with the defense in order to secure a more favorable PTA, and determined that the appellant had knowingly and voluntarily agreed to this provision. Trial defense counsel stated the defense had considered raising an unlawful command influence motion but did not mention that he had considered raising a multiplicity or unreasonable multiplication of charges motion. Nonetheless, in sentencing, the military judge asked the parties if these two specifications should be considered as one matter for sentencing. Trial defense counsel urged her to do so; trial counsel opposed this. After the military judge announced the sentence, she stated as follows:

> I also meant to state that the court did consider the specifications in the Additional Charge to be one for the principles—for the purposes of sentencing, not because they were an unreasonable multiplication of charges and not because they were multiplicious, but because they arose out of the exact same conversation. And technically the government could have flipped the language basically and charged the other offense the other way, so I did consider them as one offense for sentencing purposes.

In *United States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009), our superior court held that a "waive all waivable motions" provision waived, rather than forfeited, a claim of multiplicity on appeal and therefore the multiplicity claim was extinguished and could not be raised on appeal. The court held this issue was waived even though defense counsel did not specifically mention multiplicity as a motion that was initially considered before the waiver provision was agreed upon. *Id.* The court held multiplicity was waived because the pretrial agreement required the appellant to waive "all" waivable motions, the military judge conducted a thorough inquiry to ensure the appellant understood the effect of this provision, and the appellant explicitly indicated his understanding that he was waiving the right to raise any waivable motion. *Id.* The court also stated the same position would result for claims of unreasonable multiplication of charges raised on appeal. *Id.*

Consistent with *Gladue*, we find the appellant waived his right to raise the issues of multiplicity and unreasonable multiplication of charges on appeal. The military judge sufficiently inquired into the "waive all waivable motions" provision, and the appellant affirmatively voiced his understanding that this provision waived his right to raise any waivable motion on appeal. In addition, in sentencing, the military judge raised the related issue of whether the two specifications should be merged for sentencing. Trial defense counsel successfully argued for the military judge to do so but did not request

any additional relief regarding the findings. The appellant has waived this issue, and therefore he is not entitled to relief on this issue.[1]

*Post-Trial Processing Delay*

In *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006), our superior court established guidelines that trigger a presumption of unreasonable delay, including where the record of trial is not docketed with the service court within 30 days of the convening authority's action. In addition to any due process concerns caused by unreasonable post-trial delay, Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers the service appellate courts to grant sentence relief for excessive post-trial delay without a showing of actual prejudice. *Tardif*, 57 M.J. at 224.

The appellant's court-martial concluded on 7 January 2014. The convening authority took action on 6 February 2014, well within the 120-day standard established by *Moreno* for this stage. *See*, 63 M.J. at 142. The appellant's case was docketed with this court on 10 March 2014, 32 days after action. The appellant does not allege that he suffered any prejudice as a result of this delay in docketing the record of trial with this court, and we find none. Rather, the appellant asserts *Tardif* relief is warranted due to unreasonable post-trial delay. As "modest relief" to address this delay, he asks us to set aside his bad-conduct discharge.

We are cognizant of our broad authority to grant relief for post-trial delay even in the absence of a showing of prejudice, but we decline to exercise that authority in this case. Utilizing the factors outlined by our Navy and Marine Corps colleagues in *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), we find granting sentencing relief is not appropriate. In particular, especially given the overall timeliness of post-trial processing at the installation level, we see no evidence that the short delay in this one stage of the case demonstrates evidence of bad faith or gross negligence.[2]

---

[1] Even if we were to find that the appellant merely forfeited this issue rather than waived it, the appellant would not prevail on the merits of this issue. Our superior court has held that separate specifications for obstructing justice and communicating a threat are not multiplicious. *United States v. Oatney*, 45 M.J. 185 (C.A.A.F. 1996). In addition, applying the factors set forth in *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001), we would not find that the two specifications represent an unreasonable multiplication of charges, particularly when they did not increase the maximum possible sentence in this special court-martial and the military judge treated them as one for sentencing purposes.

[2] The appellant's brief states that "114 days passed from the convening authority's action until the record was docketed with this Court, more than triple the *Moreno* standard." As noted elsewhere in the assignment of errors, only 32 days actually elapsed between action and docketing. The statement concerning the purported 114-day period appears to be a cut-and-paste error utilizing a brief from *United States v. Sutton*, ACM S32143 (A.F. Ct. Crim. App. 21 August 2014) (unpub. op.), another case written by the same appellate defense counsel. We advise all counsel to lend more attention to their briefs.

*Conclusion*

The approved findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and the sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM S32213