# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman DONALD M. SHIRREFFS
## United States Air Force

## ACM S32248

## 7 May 2015

Sentence adjudged 19 May 2014 by SPCM convened at McConnell Air Force Base, Kansas.  Military Judge:  Michael J. Coco (sitting alone).

Approved Sentence:  Bad-conduct discharge, confinement for 160 days, and reduction to E-1.

Appellate Counsel for the Appellant:  Major Isaac C. Kennen and Major Jeffrey A. Davis.

Appellate Counsel for the United States:  Major Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

MITCHELL, SANTORO, and CONTOVEROS
Appellate Military Judges

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of two specifications of wrongful use of a controlled substance in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.  The adjudged sentence was a bad-conduct discharge, confinement for 160 days, reduction to E-1, and forfeitures of $861 pay per month for six months.  The convening authority approved the bad conduct discharge, confinement, and reduction, but directed that the mandatory forfeitures be directed to the appellant's wife and son.  The appellant argues that the staff judge advocate erred in his post-trial advice.  Finding no error that materially prejudices the appellant's substantial rights, we affirm.

*Background*

The appellant pled guilty to using lorazepam, a Schedule IV controlled substance, on divers occasions. He also pled guilty to using hydrocodone, a Schedule II controlled substance. During his *Care* inquiry, the appellant told the military judge that he began using lorazepam without a prescription following a back injury. *See United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969). He ingested lorazepam approximately ten to twelve times over a three-week period. The appellant's lorazepam use was initially uncovered when he tested positive on a random urinalysis; however, despite receiving punishment under Article 15, UCMJ, 10 U.S.C. § 815, he continued to use lorazepam.

A subsequent urinalysis test, conducted pursuant to his wing commander's *Bickel* policy, detected hydrocodone use. *See United States v. Bickel*, 30 M.J. 277 (C.M.A. 1990). In the *Care* inquiry relating to this offense, the appellant told the military judge that when he realized his military career was over after the lorazepam use was detected, he became depressed and began taking hydrocodone.

*Staff Judge Advocate's Recommendation*

Rule for Courts-Martial (R.C.M.) 1106 required that before the convening authority took action on the findings and sentence of this court-martial, he received a recommendation from his staff judge advocate (SJA). The purpose of the staff judge advocate's recommendation (SJAR) is to assist the convening authority, who is often not legally trained, exercise his command prerogative. R.C.M. 1106(d)(1). The appellant alleges that the SJAR erroneously stated that the character of his service prior to the preferral of charges was "satisfactory," whereas his squadron commander's indorsement to the charge sheet said that his "duty performance was excellent."

Proper completion of post-trial processing is a question of law which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Failure to comment in a timely manner on matters in the SJAR, or on matters attached to the SJAR, forfeits[1] any later claim of error in the absence of plain error. R.C.M. 1106(f)(6); *United States v.*

---

[1] Rule for Courts-Martial 1106(f)(6) and *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005), both indicate that waiver occurs when counsel fails to comment on matters in the staff judge advocate's recommendation. However, our superior court's decision in *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009), recognizes that military courts had failed to "consistently distinguish between the terms 'waiver' and 'forfeiture.'" *Gladue* held that waiver is the "intentional relinquishment or abandonment of a known right," which precludes appellate review of an issue, while forfeiture is "the failure to make the timely assertion of a right" leading to plain error review on appeal. *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted). Following *Gladue*, the term "forfeiture" should generally characterize the effect of a failure to timely comment on matters in the staff judge advocate's recommendation. *See United States v. Parker*, 73 M.J. 914 (A.F. Ct. Crim. App. 2014) (stating that the appellant forfeited, rather than waived, a claim that erroneous information was attached to the staff judge advocate's recommendation).

*Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). "To prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65). Because of the highly discretionary nature of the convening authority's action on a sentence, we may grant relief if an appellant presents "some colorable showing of possible prejudice" affecting his opportunity for clemency. *Kho*, 54 M.J. at 65 (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)).

An error in a post-trial SJAR to the convening authority, however, "does not result in an automatic return by the appellate court of the case to the convening authority. Instead, an appellate court may determine if the accused has been prejudiced by testing whether the alleged error has any merit and would have led to a favorable recommendation by the SJA or corrective action by the convening authority." *United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996).

Assuming without deciding that "satisfactory" is materially different from "excellent," we discern no prejudice to the appellant from the staff judge advocate's characterization. The convening authority had before him evidence of the appellant's multiple combat deployments, above-average (or better) enlisted performance reports, as well as evidence that the appellant continued his drug use after being investigated for that same offense. Additionally, the convening authority granted the appellant's only requests: to defer, and then disapprove, the adjudged forfeitures, and to redirect the mandatory forfeitures for the benefit of the appellant's family. The appellant therefore has not met his burden to establish a colorable showing of possible prejudice.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are

**AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court