# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

**UNITED STATES**

**v.**

**Airman Basic ALEXANDER G. BAUMWELL**
**United States Air Force**

**ACM S32271**

**16 June 2015**

Sentence adjudged 14 October 2014 by SPCM convened at Hill Air Force Base, Utah. Military Judge: Shelly Schools (sitting alone).

Approved Sentence: Bad-conduct discharge and confinement for 45 days.

Appellate Counsel for the Appellant: Major Isaac C. Kennen.

Appellate Counsel for the United States: Major Clayton H. O'Connor and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

WEBER, Judge:

The appellant providently pled guilty at a special court-martial to three specifications of dereliction of duty and two specifications of wrongfully using controlled substances, in violation of Articles 92 and 112a, UCMJ, 10 U.S.C. §§ 892, 912a. The military judge sentenced the appellant to a bad-conduct discharge and confinement for 45 days. The convening authority approved the sentence as adjudged.

Before us, the appellant alleges two of the dereliction of duty specifications are unconstitutionally multiplicious, and he challenges the appropriateness of his sentence. We disagree, and affirm.

*Background*

The appellant was caught taking part in a drug ring with other Airmen and civilians. On at least three occasions, he went to raves with other Airmen and used MDMA. Once, he used marijuana before a rave. The investigation also found that he possessed and consumed alcohol while underage on multiple occasions. In addition, he allowed his girlfriend to live in his dormitory room, in violation of local rules.

*Multiplicity*

One of the dereliction of duty specifications to which the appellant pled guilty alleged that, on divers occasions between on or about 1 July 2013 and on or about 18 November 2013, he negligently failed to refrain from possessing an alcoholic product while under the age of 21 years. Another dereliction of duty specification alleged that, on divers occasions between on or about 1 July 2013 and on or about 23 March 2014, he negligently failed to refrain from consuming an alcoholic product while under the age of 21 years. The appellant alleges that these two specifications are multiplicious. He reasons that he could not have consumed alcohol without possessing it, and thus the possession specification was a lesser included offense of the specification regarding his consumption.

In *United States v. Gladue*, 67 M.J. 311 (C.A.A.F. 2009), our superior court held that a "waive all waivable motions" provision waived, rather than forfeited, a claim of multiplicity on appeal and therefore the multiplicity claim was extinguished and could not be raised on appeal. The court held this issue was waived even though defense counsel did not specifically mention multiplicity as a motion that was initially considered but affirmatively waived by the provision. *Id.* at 314. The court held the appellant in *Gladue* waived multiplicity because the pretrial agreement required him to waive "all" waivable motions, the military judge conducted a thorough inquiry to ensure the appellant understood the effect of this provision, and he explicitly indicated his understanding that he was waiving the right to raise any waivable motion. *Id.*

In this case, the appellant waived all waivable motions as part of his pretrial agreement, and the military judge ensured he understood the meaning and effect of this provision. While trial defense counsel did not specifically articulate that the defense was waiving a potential multiplicity motion under this provision, this is not required. Consistent with *Gladue*, we find the appellant has waived his right to raise the issue of multiplicity on appeal, and therefore he is not entitled to relief on this issue. Additionally, we have considered whether we should decline to apply waiver under our broad authority under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to only approve those findings of guilty and the sentence or such part of the sentence as we find should be approved. We decline to exercise that authority in this case.

*Sentence Appropriateness*

The appellant challenges the appropriateness of his sentence, alleging that the two specifications discussed in the issue above represent an unreasonable multiplication of charges which renders his sentence inappropriate. He does not point to any aspects of his service record or mitigating facts about his case that make his sentence inappropriate. Rather, he merely asserts that because the government elected to refer two separate specifications for his possession and consumption of alcohol while underage, his sentence is automatically inappropriate. We disagree.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ. "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006); *see also United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988); *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Applying these standards to the present case, we do not find the appellant's sentence inappropriately severe. We see nothing about the manner in which the appellant was charged that renders his sentence inappropriate. Rather, we find his sentence fully appropriate given his service record and his brazen and repeated misconduct.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).[*]

---

[*] As the appellant's assignment of errors correctly notes, the court-martial order fails to include Specification 1 of Charge I, upon which the appellant was arraigned. Additionally, the order states that the appellant pled guilty to and was found guilty of Specification 2 of Charge II as referred. Instead, the appellant pled guilty to this specification except the words "on divers occasions," and the military judge excepted these words in finding him guilty of the specification. We order promulgation of a corrected court-martial order.

Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM S32271