# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist SANGJAE YOU**
**United States Army, Appellant**

ARMY 20140039

Headquarters, 7th Infantry Division
David L. Conn, Military Judge
Lieutenant Colonel Michael S. Devine, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Captain Amanda R. McNeil, JA (on brief). Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbrandt, JA; Captain Amanda R. McNeil, JA (on reply brief).

For Appellee:  Major A.G. Courie III, JA; Major Daniel D. Derner, JA; Major Daniel M. Goldberg, JA (on brief).

29 June 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave, nine specifications of larceny of property of a value less than $500.00, and three specifications of burglary in violation of Articles 86, 121, and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, 929 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for ten months, forfeiture of $1,000.00 pay per month for ten months, and reduction to the grade of E-1.  The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for six months, forfeiture of $1,000.00 pay per month for ten months, and reduction to the grade of E-1.

This case is before the court for review under Article 66, UCMJ.  Appellate counsel raises one assignment of error, and appellant personally raises matters

pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). The assigned error warrants discussion but no relief. Those matters raised pursuant to *Grostefon* are without merit.

Before dawn on 9 July 2013, appellant broke into building 6D21 at Joint Base Lewis-McChord and stole electronic devices (an Apple iPhone 5, an Apple iPhone 4S, an HTC One cellular telephone, and an Apple iPad) belonging to four Reserve Officer Training Corps cadets as they slept in the open-bay barracks. The government charged appellant with four specifications of larceny of property valued under $500.00 for each item he stole from the cadets in building 6D21 that night (Specifications 2, 3, 5, and 8 of Charge I). At trial, appellant pleaded guilty to all four specifications under the terms of his pretrial agreement, which included a "waive all waivable motions" clause. During the providence inquiry, the military judge discussed the motions waiver provision with appellant and his defense counsel, but did not specifically cover unreasonable multiplication of charges. When asked, defense counsel stated there were no motions he would make.

The assigned error alleges the military judge erred by failing to dismiss *sua sponte* Specifications 3, 5, and 8 of Charge I as an unreasonable multiplication of charges with Specification 2 of the same charge. Specifically, appellate counsel asserts the items charged in these specifications constitute one larceny committed at substantially the same time and place, and requests that this court dismiss Specifications 3, 5, and 8 of Charge I. *See Manual for Courts-Martial, United States* (2012) ed.*, pt. IV, ¶ 46.(c)(1)(i)(ii) [hereinafter *MCM*] ("When a larceny of several articles is committed at substantially the same time and place, it is a single larceny even though the articles belong to different persons."). The government, citing *United States v. Gladue*, 67 M.J. 311 (C.A.A.F. 2009), argues this court should hold appellant to the "waive all waivable motions" clause in his pretrial agreement and find appellant has waived the issue of unreasonable multiplication of charges. In a reply brief, appellate counsel concludes that this court must address the issue of ineffective assistance of counsel if we find defense counsel waived unreasonable multiplication of charges at trial.

Pleading to the specifications as charged and waiving a potential motion for unreasonable multiplication of charges effectively reduced appellant's maximum possible term of confinement by three years.[*] Considering the terms of the pretrial agreement clearly inured to the benefit of the appellant in this case, and with no

---

[*] Applying the *MCM* subparagraph cited by appellate counsel, charging appellant with one specification of violating Article 121 for the items he stole from the sleeping cadets in building 6D21 would have exposed him to a maximum term of confinement of five years for larceny of property other than military property of a value of more than $500.00, instead of a total of two years confinement for four specifications of larceny of property of a value of $500.00 or less, as charged.

indication from the record that appellant's waiver was other than knowing and voluntary, we decline to alter appellant's waiver clause on the issue of unreasonable multiplication of charges pursuant to our authority under Article 66(c), UCMJ. *See United States v. Quiroz*, 55 M.J. 334, 338-39 (C.A.A.F. 2001) (citing *United States v. Claxton*, 32 M.J. 159, 162 (C.M.A. 1991)); *United States v. Powell*, 49 M.J. 460, 464 (C.A.A.F. 1998). We find unreasonable multiplication of charges was waived. Finally, we reject the notion that defense counsel provided ineffective assistance at trial, as it is apparent the bargained for and agreed to deal was advantageous to the appellant.

## CONCLUSION

Upon consideration of the entire record, the findings and sentence as approved by the convening authority are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court