# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Technical Sergeant GLENN S. SABILLO
## United States Air Force

## ACM 38807

## 30 June 2016

Sentence adjudged 21 January 2015 by GCM convened at Travis Air Force Base, California.  Military Judge:  Jill M. Thomas (sitting alone).

Approved Sentence:  Bad-conduct discharge, confinement for 24 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for Appellant:  Major Michael A. Schrama.

Appellate Counsel for the United States:  Captain Tyler B. Musselman and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

<u>This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.</u>

ALLRED, Chief Judge:

At a general court-martial composed of military judge alone, Appellant was convicted, in accordance with his pleas, of two specifications of possessing child pornography and one specification of viewing child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934.  The court sentenced Appellant to a bad-conduct discharge,

confinement for 24 months, forfeiture of all pay and allowances, and reduction to E-1.  The convening authority approved the sentence as adjudged.[1]

Before us, Appellant claims:  (1) his conviction of three specifications involving child pornography is unreasonable, and the offenses should be merged; and (2) his sentence is unduly severe.  Finding no error materially prejudicial to the substantial rights of Appellant, we affirm.

*Background*

According to the record of trial, Appellant first encountered child pornography in 2004, while searching for adult pornography.  On that occasion, he viewed a video of a male adult and a female child engaging in a sexual act, and he became curious and aroused.  After this, Appellant used peer-to-peer file sharing programs to access both child and adult pornography.  From 14 October 2009 to 10 July 2013, Appellant downloaded and viewed on his personal computer sexually explicit images and videos of children with a frequency that ranged from daily to a few times per month.

*Merger of Allegations*

Effective 12 January 2012, the *Manual for Courts-Martial* expressly addressed the offenses of possessing, receiving, viewing, and distributing child pornography.  Prior to that date, child pornography had been recognized as an offense under clause 1 or 2 of Article 134, UCMJ, or under clause 3 as an assimilated crime under 18 U.S.C. § 2251.[2] The Additional Charge in this case mirrors that change.  That is, Specification 1 of the Additional Charge alleges that Appellant possessed child pornography before the *Manual* change—namely, between on or about 14 October 2009 and 11 January 2012.  And Specification 2 of the Additional Charge alleges that Appellant possessed child pornography after the change—between 12 January 2012 and on or about 10 July 2013.  The remaining allegation (Specification 1 of the Charge) alleges that Appellant viewed

---

[1] Pursuant to a pretrial agreement, the Government withdrew and dismissed one specification alleging distribution of child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 134, upon the military judge's finding Appellant guilty of the three remaining offenses.

[2] The Manual for Courts-Martial, Analysis of Punitive Articles, states:

> *2012 Amendment*: This offense [child pornography] is new to the Manual for Courts-Martial.  It is generally based on 18 U.S.C. §2252A, as well as military custom and regulation.  The possession, receipt, distribution and viewing of child pornography has been recognized as an offense under clause 1 or 2 of Article 134, or under clause 3 as an assimilated crime under 18 U.S.C. § 2251.  This offense was added by Executive Order 13593, signed 13 December 2011.  See Appendix 25.  This paragraph applies to offenses committed on or after 12 January 2012.

*Manual for Courts-Martial, United States*, app. 23 at A23-22 (2012 ed.).

child pornography between on or about 5 February 2013 and on or about 10 July 2013. Before us, Appellant now argues it is unreasonable that he stand convicted of the three offenses in question and they should be merged.

Appellant voluntarily entered a pretrial agreement in which the convening authority promised to limit any confinement to 36 months and to withdraw and dismiss the specification alleging wrongful distribution of child pornography. In exchange, Appellant agreed to plead guilty to the offenses of which he now stands convicted. He also agreed, inter alia, to "[w]aive all waivable motions." At trial, the military judge addressed this waiver provision on the record. Appellant's counsel declared that the Defense was specifically waiving any motion "based upon unreasonable multiplication of charges for sentencing purposes on the additional charges being broken up the way they are." Appellant then acknowledged that he was indeed waiving any such motion.

Appellant now concedes that he has "waived the ability to directly assert an unreasonable multiplication of charges either at trial or now on appeal." Nevertheless, he invites this court to override his waiver by exercising "the broad power entrusted to it by Congress in Article 66(c), UCMJ, to determine whether the findings in this case are reasonable." We decline to accept this invitation.

We agree with Appellant that he has waived the right to assert his claim of unreasonable multiplication of charges. *See United States v. Gladue*, 67 M.J. 311, 313–14 (C.A.A.F 2009) (holding the appellant's express waiver extinguished his ability to raise the issue of unreasonable multiplication of charges on appeal). We do not, however, agree that granting Appellant's present claim would be a proper exercise of our authority under Article 66, UCMJ, 10 U.S.C. § 866.

*Sentence Severity*

Repeating the claim that his conviction involves an unreasonable multiplication of charges and arguing that it "reflects triple punishment for what was actually one continuous transaction of possessing and viewing child pornography," Appellant contends his sentence is unduly severe. We review sentence appropriateness de novo, employing "a sweeping Congressional mandate to ensure 'a fair and just punishment for every accused.'" *United States v. Baier*, 60 M.J. 382, 384–85 (C.A.A.F. 2005) (quoting *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001)).

We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, Appellant's record of service, and all other matters contained in the record of trial. We find the sentence was appropriate in this case and was not inappropriately severe.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.  Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).  Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LAQUITTA J. SMITH
Appellate Paralegal Specialist