# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant ANTONIO T. MOORE**
**United States Army, Appellant**

ARMY 20150007

Headquarters, 25th Infantry Division
Gregory A. Gross, Military Judge (arraignment)
Michael J. Hargis, Military Judge (trial)
Colonel William D. Smoot, Staff Judge Advocate

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Major Andres Vazquez, Jr., JA; Captain Matthew L. Jalandoni, JA (on brief); Major Andres Vazquez, Jr., JA; Captain Matthew L. Jalandoni, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on brief).

31 January 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

PENLAND, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of making a false official statement and three specifications of incest in violation of Title 16, Chapter 6, § 22 of the Official Code of Georgia assimilated into Federal law by 18 U.S.C. § 13, in violation of Articles 120 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for two years, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises three issues, two of which merit brief discussion, but no relief. We have considered the matters personally submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); they lack merit.

The charged offenses arose from appellant's sexual misconduct with his step-daughter. As appellant did not consent to joinder, he was tried in two separate courts-martial, because the charges we review now were preferred after the convening authority referred other charges. See Rule for Courts-Martial [hereinafter R.C.M.] 601(e)(2).

Appellant's defense counsel filed motions to dismiss, alleging unreasonable multiplication of charges and violations of his speedy trial rights. The military judge denied both motions and appellant now asserts error.

### A.  Unreasonable Multiplication of Charges

Appellant pleaded guilty after the military judge denied his motions to dismiss the charges as an unreasonable multiplication of charges and for lack of speedy trial. "An unconditional guilty plea generally waives all defects which are neither jurisdictional nor a deprivation of due process of law." *United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009) (citation and internal quotations marks omitted). Although the President, through R.C.M. 705(c)(1)(B), has prohibited the waiver of certain fundamental rights in a pretrial agreement, the unreasonable multiplication of charges is not one of them. *United States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009). We therefore hold that appellant waived any claim of unreasonable multiplication of charges on appeal when he pleaded guilty.

### B.  Speedy Trial

Where an accused unsuccessfully raises an Article 10, UCMJ, complaint at trial and thereafter pleads guilty, waiver does not apply. *United States v. Mizgala*, 61 M.J. 122, 126 (C.A.A.F. 2005). Whether an accused has received a speedy trial is a legal question, which we consider de novo. *United States v. Cooley*, 75 M.J. 247, 259 (C.A.A.F. 2016). Our focus is whether the government has moved with "reasonable diligence in bringing the charges to trial." *Id*. (internal quotes and citations omitted). We use the four-part analysis[1] from *Barker v. Wingo*, 407 U.S. 514, 530 (1972) to determine reasonable diligence. *Id*. We also use our fact-finding authority to decide the issue in this case. UCMJ, art. 66.

Assuming without deciding appellant was placed in pretrial confinement based on the charges to which he pleaded guilty and of which he was convicted, we

---

[1] The four factors are:  length of delay, the reason for the delay, the accused's assertion of his right, and prejudice to the accused.

nonetheless resolve the speedy trial dispute against him.[2] First, the incest charge (and its three specifications) and the false official statement charge were preferred only after government officials discovered inarguably damning evidence from a cellular phone and computer tablet. Some additional context is warranted. In March 2014, appellant's defense counsel requested that CID release appellant's cellular phone, which it had taken into evidence, so that the defense could review it for exculpatory evidence. Instead of releasing it, government officials obtained authorization to search it and in April 2014 discovered video evidence of incest. After receiving notice of this discovery, defense counsel provided appellant's computer tablet and associated storage card to CID, requesting assistance in examining them in order to obtain exculpatory evidence. CID complied, and this examination also yielded video evidence of incest. The video evidence ultimately enabled the government to precisely charge the dates on which appellant committed incest, and it eliminated any reason to doubt appellant had earlier lied to CID when he denied having sex with his step-daughter.

The charges in this case were preferred on 1 August 2014 and referred on 5 September 2014. Defense counsel filed the motion to dismiss, alleging speedy trial violations, on 29 October 2014.

On discovering irrefutable evidence of incest, the government moved with reasonable speed in charging it as such and accurately characterized appellant's denial of sex with his step-daughter as a lie. We also note appellant has not met his burden to prove any prejudice as a result of his pretrial confinement; indeed, we perceive none from the record. The facts and circumstances of this case establish the government was reasonably diligent in moving appellant's case forward, and we conclude appellant was not deprived of his Constitutional or codal rights to a speedy trial.

## CONCLUSION

The findings of guilty and sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge WOLFE concur.

---

[2] Appellant was ordered into pretrial confinement on 21 September 2013. Three days later, a military magistrate determined continued pretrial confinement was warranted, citing allegations of non-consensual sexual misconduct and appellant's apparent failure to obey orders not to contact the victim and witnesses.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court