*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
CRISFIELD, HOLIFIELD, and LAWRENCE
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Troy S. GUESS**
Lance Corporal (E-3), U.S. Marine Corps
Appellant

**No. 202000023**

Decided: 12 November 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Keaton H. Harrell (arraignment)
Terrance J. Reese (trial)

Sentence adjudged 25 September 2019 by a special court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: confinement for thirty days,[1] reduction to E-1, and a bad-conduct discharge.

---

[1] The military judge sentenced Appellant to thirty days' confinement for each of the six offenses to which he pleaded guilty. Pursuant to a plea agreement, the military judge ordered that the six periods of confinement be served concurrently, for a total of thirty days.

For Appellant:
*Lieutenant Commander W. Scott Stoebner, JAGC, USN*

For Appellee:
*Lieutenant Gregory A. Rustico, JAGC, USN*
*Major Kerry E. Friedewald, USMC*
*Lieutenant Joshua C. Fiveson, JAGC, USN*

————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted Appellant, pursuant to his pleas, of one specification of failing to obey a lawful general order, one specification of making a false official statement, three specifications of larceny, and one specification of obstructing justice, in violation of Articles 92, 107, 121, and 131b, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 892, 907, 921, 931b.[2] Appellant asserts one assignment of error: that the three specifications under Article 121, UCMJ, with which he was charged and to which he pleaded guilty should be consolidated into a single specification, as the three items involved were taken contemporaneously. We find no prejudicial error and affirm the findings and sentence.

## I. BACKGROUND

Appellant's convictions include, inter alia, the theft of an all-terrain vehicle (ATV), a motorcycle engine, and a kayak paddle—all property of the same fellow Marine. Appellant took the three items on a single occasion on or about 19 April 2019. On the charge sheet, each item was the basis for a separate specification under Article 121, UCMJ. While a stipulation of fact

---

[2] Two additional specifications, alleging violations of Articles 92 and 107, were withdrawn and dismissed without prejudice, to ripen into prejudice upon completion of appellate review.

indicated each item had "a value of $1,000 or less,"[3] Appellant's responses to the military judge's questions admitted to values of $350 for the ATV,[4] between $600 and $5,000 for the engine,[5] and $29.48 for the paddle.[6]

Appellant raised no motions at trial. As part of a plea agreement, he "specifically agree[d] to waive all motions except those that [sic] otherwise non-waivable pursuant to Rule for Courts-Martial [R.C.M.] 705(c)(1)(B)."[7] Although the military judge did not address this specific provision with Appellant during the plea agreement colloquy, the latter was clear in saying he fully understood all the provisions of the plea agreement.

## II. DISCUSSION

We review questions of waiver de novo. *United States v. Haynes*, 79 M.J. 17, 19 (C.A.A.F. 2019). Waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). Appellant expressly waived all motions save those not subject to waiver in a plea agreement. Neither unreasonable multiplication of charges nor multiplicity is included on R.C.M. 701(c)(1)(B)'s list of unenforceable plea agreement conditions, and our superior court has held that "express waiver of any waivable motions waive[s] claims of multiplicity and unreasonable multiplication of charges, and extinguishe[s] [an appellant's] right to raise these issues on appeal." *Gladue*, 67 M.J. at 314. Accordingly, we find Appellant has waived this issue.

We have reflected on whether we should exercise our authority to consider Appellant's claim under Article 66(c), UCMJ, in spite of Appellant's waiver. *See United States v. Chin*, 75 M.J. 220 (C.A.A.F. 2016). Given the facts and circumstances presented here, we decline to do so.

---

[3] Pros. Ex. 1 at 4-6.

[4] R. at 40.

[5] R. at 44.

[6] R. at 45.

[7] App. Ex. II at 7.

### III. Conclusion

After careful consideration of the record and briefs of appellate counsel, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. UCMJ arts 59, 66. Accordingly, the findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court