# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, COOPER, and SCHLACK
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class PATRICK A. FORD**
**United States Army, Appellant**

ARMY 20230263

Headquarters, 1st Armored Division and Fort Bliss
Robert L. Shuck, Military Judge (arraignment)
Adam S. Kazin, Military Judge (trial)
Colonel Andrew D. Flor, Staff Judge Advocate

For Appellant: Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert D. Luyties, JA; Captain Stephen R. Millwood, JA (on brief and reply brief).

For Appellee: Colonel Christopher B. Burgess, JA; Major Chase C. Cleveland, JA; Captain Anthony J. Scarpati, JA (on brief).

21 March 2025

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SCHLACK, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave, one specification of disrespect to a superior commissioned officer, three specifications of failure to obey a lawful order, one specification of communicating a threat, and three specifications of domestic violence, in violation of Articles 86, 92, 115, and 128b, Uniform Code of Military Justice, 10 U.S.C. § 886, 892, 915, 928b [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, 16 months of

confinement,[1] and reduction to the grade of E-1.[2] Appellant raises three assignments of error, one which warrants discussion and partial relief: two of the three convictions for domestic violence are constitutionally multiplicious.

## BACKGROUND

Appellant entered into a plea agreement with the convening authority, agreeing to plead guilty to three specifications of domestic violence, all of which occurred on 24 July 2022, during the same physical altercation. As part of that agreement, Specification 3 of Charge II was amended from an assault consummated by a battery against appellant's wife into an offense against his wife's property (her cell phone), with an intent to intimidate her. The plea agreement also included a waiver of a motion for Article 13, UCMJ, credit. No other motions were affirmatively waived in the agreement.

Prior to accepting appellant's plea, the military judge asked defense counsel whether appellant had any motions, advising that motions should be made at that time. The defense counsel responded:

> DC: PFC Patrick Ford requests for – motion for *Allen* credit of a total of 224 days, Your Honor. 195 days would be for the Otero Prison – County Prison. And then an additional 29 days in El Paso County, the local facility.

> MJ: Thank you. And we'll address that a little more – a little more fully before pre-sentencing proceedings, if we get there today. So, please go ahead and enter your plea.

> DC: Yes, Sir.

Trial defense counsel then entered pleas on behalf of appellant.

When it was time to discuss the elements of the offenses to which appellant pleaded guilty, the military judge discussed Specifications 2 and 4 of Charge II

---

[1] Relevant to the Article 128b, UCMJ, offenses to which appellant pleaded guilty, he was sentenced to twelve months of confinement for grabbing his wife's arm, fourteen months of confinement for destroying her phone, and sixteen months of confinement for dragging his wife on the ground, to be served concurrently.

[2] Pursuant to the same agreement, the government withdrew and dismissed one specification of disrespect to a superior commissioned officer, one specification of attempting to kill an unborn child, and two specifications of domestic violence, in violation of Articles 89, 119a, and 128b, UCMJ.

together as they both involved assault consummated by a battery, in violation of Article 128, UCMJ, as the underlying offense. Then, the military judge discussed the amended language for Specification 3, Charge II, and how the amended language changed the nature of the underlying offense from an assault consummated by a battery to destruction of non-military property.

> MJ: I want you to take a look at the plea agreement because the plea agreement has the substituted language in there. . . . Now, in this case -- [that language] was not the charge that was preferred or referred against you at trial. You understand that?
>
> ACC: Yes, sir.
>
> MJ: . . . [I]t's essentially an entirely different charge. Do you agree that . . . the charge has been constructively preferred and referred to this court? Do you understand what I mean by that?
>
> ACC: Yes, sir.
>
> . . .
>
> MJ: I find that the charge is properly before the court via the vehicle of the plea agreement between the accused and the government.

After informing appellant of the different elements for the two, different domestic violence modalities, the military judge had appellant discuss what happened on 24 July 2022, as it pertained to Specifications 2, 3, and 4 of Charge II. Appellant described how he and his wife got into a verbal altercation that turned physical. Appellant described first grabbing his wife's cell phone and destroying it to intimidate her. Next, appellant described how his wife "went outside after [he] destroyed her cell phone and [he] followed her . . . and [he] . . . grabbed her arm." Appellant detailed how after grabbing her arm, his wife yelled and so he let go. Appellant then dragged his wife on the ground "a short time after" he let go of her arm.[3]

---

[3] The stipulation of fact, admitted into evidence pursuant to the plea agreement, also strongly implies close temporal proximity between the two assaults consummated by batteries in Specifications 2 and 4 of Charge II.

## LAW AND DISCUSSION

Appellant now challenges his three domestic violence specifications on appeal as being multiplicious.[4] In light of *United States v. Malone*, __ M.J. __, 2025 CCA LEXIS 75 (Army Ct. Crim. App. 25 Feb. 2025), we agree, in part, and find Specifications 2 and 4 of Charge II are multiplicious, but Specification 3 of Charge II is not. Under these facts, we hold it was error for the military judge to accept appellant's guilty pleas to Specifications 2 and 4 of Charge II.

Here, like in *Malone*, we decline to find affirmative waiver for multiplicity for the two specifications cited above.[5] "Waiver" is the intentional and conscious relinquishment of a known right. *United States v. Davis*, 79 M.J. 329, 331 (C.A.A.F. 2020). Constitutional protections may be intentionally waived, *United States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009), however, appellate courts apply a presumption against finding waiver of constitutional protections absent an affirmative showing by appellant. *United States v. Blackburn*, 80 M.J. 205, 209 (C.A.A.F. 2020). In the absence of a "waive all waivable motions" clause in a plea agreement, it takes more than defense counsel simply stating "no motions" to affirmatively waive a challenge for multiplicity. *Malone*, 2025 CCA LEXIS 75, at *9-12. It follows, then, that affirmative waiver of a challenge for multiplicity takes more than what happened in this case, which was counsel identifying one motion and then entering pleas at the direction of the military judge, forfeiting additional motions.

We next turn to the question of whether it was plain error for the military judge to accept appellant's plea to this species of multiplicity. We answer the question in the affirmative.

When assessing "multiplicity for the first time on appeal, courts review for plain error unless the appellant has waived the issue." *Id.* at *8 (internal citation omitted). To prevail under plain error review, appellant must demonstrate: "(1) there was error, (2) the error was plain and obvious, and (3) the error materially prejudiced a substantial right of the accused." *United States v. Jones*, 78 M.J. 37, 44 (C.A.A.F. 2018) (internal quotations and citation omitted). "Where the error is constitutional . . . the government must show that the error was harmless beyond a

---

[4] We have given full and fair consideration to appellant's other assigned errors and the matters appellant personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

[5] Like in *Malone*, we decline to find "the defense counsel's pro forma statement, following the military judge's request for appellant's plea, that 'defense has no motions'" constitutes waiver. 2025 CCA LEXIS 75, at *11.

reasonable doubt to obviate a finding of prejudice." *United States v. Tovarchavez,* 78 M.J. 458, 462 (C.A.A.F. 2019).

Based on the same principles set out in *Malone*, we find Specifications 2 and 4 of Charge II are multiplicious. *See Malone*, 2025 CCA LEXIS 75, at *17-26. Both assaults occurred within a short time, were instigated by the same argument, and were not interrupted by a break in time. "While the specifications may not be verbatim," i.e., identical, it is clear from the providence inquiry and the stipulation of fact that each specification "arose from an uninterrupted attack orchestrated by appellant." *Id.* at *24. Though not alleged by appellant, it was plain error for the military judge to accept appellant's plea to both specifications. The error "materially prejudiced appellant's constitutional rights against Double Jeopardy," and as such was not harmless beyond a reasonable doubt. *Id.* at *26.

This court holds broad discretion when reassessing sentences. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). Because we benefit from the segmented sentencing scheme imposed by the military judge, we are confident that the military judge would have sentenced appellant to at least 16 months of confinement and reduction to the grade of E-1 for a consolidated specification.[6]

## CONCLUSION

Upon consideration of the entire record, Specifications 2 and 4 of Charge II are merged into a consolidated specification, numbered as Specification 4 of Charge II, to read as follows:

> In that [appellant], U.S. Army, did, at or near El Paso, Texas, on or about 24 July 2022, commit a violent offense against [the victim], the spouse of the accused, to wit: unlawfully grab [victim] on the arms with his hand and unlawfully drag [victim] with his hands.

The finding of guilty to Specification 4 of Charge II, as consolidated is AFFIRMED. The finding of guilty to Specification 2 of Charge II is SET ASIDE and that specification is DISMISSED. The remaining findings of guilty are AFFIRMED.

The corresponding segmented sentence to confinement for the now dismissed Specification 2 of Charge II is also SET ASIDE. Reassessing the sentence, the segmented sentence to confinement for Specification 4 of Charge II is AFFIRMED, and the total sentence to a bad-conduct discharge, 16 months of confinement, and reduction to the grade of E-1 is AFFIRMED.

---

[6] The military judge was required to impose a bad-conduct discharge in accordance with the plea agreement.

Senior Judge FLEMING and Judge COOPER concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court